## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRIN LYNN PICKENS, | |
| Petitioner, | |
| v. | Case No. 25-CV-0022-SEH-CDL |
| SCOTT TINSLEY, Interim Warden,[1] | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Darrin Lynn Pickens ("Pickens"), appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-1990-717. [ECF No. 1 at 1].[2] Respondent Scott Tinsley ("Respondent") moves to dismiss the Petition for Writ of Habeas Corpus ("Petition"), arguing this Court lacks jurisdiction to adjudicate the Petition because it is an unauthorized second or successive petition or, in the alternative, the Court should dismiss the Petition as time barred. [ECF Nos.

---

[1] Pickens is incarcerated at Dick Conner Correctional Center, and Scott Tinsley is the Interim Warden of that facility. The Court therefore substitutes Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] The Court's citations refer to the CM/ECF header pagination.

10 and 11].  Pickens did not file a response.  For the following reasons, the Court finds it possesses jurisdiction to adjudicate the Petition, but the Petition is time-barred.  Therefore, as explained below, the Court grants, in part, and denies, in part, Respondent's Motion to Dismiss and dismisses the Petition with prejudice.

## *BACKGROUND*

### I. State court proceedings

In 1990, Pickens was convicted by a Tulsa County jury of first-degree felony murder, and robbery with a firearm, shooting with intent to kill, and assault with intent to kill, all after former conviction of a felony.  [ECF No. 11-2 at 2-3, 10-11]; *see Pickens v. Gibson*, 206 F.3d 988, 992-93 (10th Cir. 2000).  Pickens was sentenced to death on the felony murder conviction and fifty years' imprisonment for the robbery, and ninety-nine years each for assault and shooting with intent to kill.  *Pickens*, 206 F.3d at 993.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences on direct appeal.  *Pickens v. State*, 850 P.2d 328 (Okla. Crim. App. 1993), *cert. denied* 510 U.S. 1100 (1994).  The OCCA also affirmed the denial of state post-conviction relief.  *Pickens v. State*, 910 P.2d 1063 (Okla. Crim. App. 1996).

## II. Initial federal habeas proceeding

Pickens filed a habeas petition in this court in 1996, challenging his first-degree felony murder conviction and death sentence. [ECF No. 11-3 at 2]; *see Pickens v. Buss*, Case No. 96-CV-984-GKF-CDL. This court denied the 1996 petition and granted a certificate of appealability on four issues: 1) Pickens's post-arrest statement was unconstitutionally obtained; 2) the trial court admitted an unconstitutionally obtained videotaped confession from a separate case during sentencing; 3) prosecutorial misconduct; and 4) ineffective assistance of trial counsel. [ECF No. 11-3 at 4-5]; *see also Pickens*, 206 F.3d at 992. The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") affirmed Pickens's convictions but vacated his death sentence based on the admission of the unconstitutionally obtained videotaped confession from a separate case during sentencing. *Pickens*, 206 F.3d at 992, 996-97.

In 2001, Pickens was resentenced in state court. [ECF No. 11-6 at 2]. "Pursuant to negotiations of the parties, [Pickens] waived his right to jury trial" and "was then sentenced to life without parole." [*Id.*]. "The sentence was ordered to be served consecutively with the sentences previously imposed for Counts I, II, and III, and with his death sentence in Creek County District

Court Case No. CF-1990-66[3]." [*Id*.].  Pickens did not file a direct appeal in state court to challenge the 2001 judgment.  [ECF No. 11-2 at 23-24].

## III.  Subsequent federal habeas proceedings

Following the entry of the 2001 judgment, Pickens has returned to federal court multiple times.  In 2009, Pickens filed a petition for writ of habeas corpus in this court.  [ECF No. 11-9]; *see Pickens v. Workman*, Case No. 09-CV-361-JHP-PJC, 2009 WL 2163109 at *1 (N.D. Okla. July 20, 2009).  This court determined the 2009 petition was a second or successive § 2254 petition filed without prior authorization from the Tenth Circuit and dismissed the petition for lack of jurisdiction.  [ECF No. 11-10].  In 2013, Pickens sought authorization from the Tenth Circuit to file a successive petition.  [ECF No. 11-11].  The Tenth Circuit denied Pickens's request based on Pickens's concession that he was not relying on a new and retroactively applicable rule

---

[3] Pickens was also convicted by a Creek County jury of first-degree murder and feloniously pointing a firearm stemming from a separate armed robbery of a convenience store.  *See State v. Pickens,* Case No. CF-1990-66 (Creek Cnty.)*; see also Pickens v. State*, 126 P.3d 612, 613 (Okla. Crim. App. 2005).  The jury sentenced Pickens to death on the murder conviction and ten years imprisonment on the feloniously pointing a firearm.  *Pickens*, 126 P.3d at 613.  The Creek County death sentence was also ultimately vacated and modified to life imprisonment without the possibility of parole.  *Id*. at 621.

of constitutional law or on clear and convincing newly discovered evidence of his innocence.  [*Id.*].

Next, in 2022, Pickens returned to this court and filed multiple motions in his 1996 habeas action seeking relief from judgment, under Federal Rule of Civil Procedure 60(b).  [ECF Nos. 11-12, 11-14].  Each motion was denied as an unauthorized second or successive habeas petition.  [ECF Nos. 11-13, 11-17].  In February 2023, Pickens returned to the Tenth Circuit requesting authorization to file a Rule 60(b) motion.  [ECF No. 11-20].  The Tenth Circuit noted it has "no authority to pre-screen nominal Rule 60(b) motions to decide if they are true Rule 60(b) motions[.]"  [*Id.* at 2].  The Tenth Circuit denied the motion for authorization as unnecessary.  [*Id.* at 3].

In this court, Pickens filed two more Rule 60(b) motions in the 1996 habeas action in March and April 2023.  [ECF Nos. 11-15, 11-16].  Once again, this court construed these motions as unauthorized second or successive habeas petitions and dismissed them for lack of jurisdiction.  [ECF Nos. 11-18, 11-19].

Pickens returned to the Tenth Circuit in April 2024 and again requested authorization to file a second or successive habeas petition.  [ECF No. 11-21 at 2].  Pickens specifically requested authorization to present his claim that the state suppressed exculpatory DNA evidence.  [*Id.* at 2-3].  The Tenth Circuit denied Pickens's request, noting that Pickens failed to meet the

5

requirement that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.  [*Id.* at 3].

### IV.    November 2024 request for authorization

Undeterred, Pickens filed another request for authorization to file a second or successive habeas petition in November 2024.  [ECF No. 11-24]. Pickens once again requested authorization to present his claim that the prosecution suppressed exculpatory DNA evidence and testimony favorable to his defense.  [*Id.*].  In adjudicating Pickens's November 2024 motion, the Tenth Circuit again addressed whether Pickens's proposed habeas petition would be a second or successive petition.  [ECF No. 11-22].  The Tenth Circuit noted that Pickens's 1996 petition "resulted in a new judgment," namely, the state court's 2001 judgment modifying his death sentence to life without parole, and determined the petition Pickens sought authorization to file would be his first § 2254 petition challenging the 2001 judgment.  [*Id.* at 1-2]. The Tenth Circuit relied on the United States Supreme Court's 2010 *Magwood* decision[4] to make this determination and noted that this court did not have the benefit of the *Magwood* guidance when it dismissed Pickens's 2009 petition for lack of jurisdiction.  [*Id.* at 2].  The Tenth Circuit further stated,

---

[4]  *Magwood v. Patterson*, 561 U.S. 320 (2010).

> [s]ince then, both the district court and this court appear to have assumed that Pickens requires authorization to file another § 2254 application challenging his Tulsa County conviction. But in considering the instant motion for authorization, we have not located any filing in the nature of a § 2254 application that was decided on the merits since the State commuted Pickens's sentence in 2001. It therefore appears that Pickens does not require authorization to file a § 2254 application challenging the 2001 judgment.

[*Id.* at 2]. The Tenth Circuit thus denied the November 2024 motion for authorization as "unnecessary[.]" [*Id.* at 3].

It is against this backdrop that Pickens now files the instant Petition. [ECF No. 1].

### DISCUSSION

**I. Second or successive analysis**

Despite the Tenth Circuit's strong suggestion that the Petition is Pickens's first petition challenging his 2001 judgment, Respondent contends this Court lacks jurisdiction to adjudicate the Petition because it is a second or successive petition, and Pickens did not obtain authorization from the Tenth Circuit to file it. [ECF No. 11 at 16].

A district court must dismiss claims asserted in a second or successive petition filed by a state prisoner if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, a district court may consider claims presented in a second or successive petition filed by a state prisoner if those claims were not presented in a prior petition. 28

U.S.C. § 2244(b)(2).  However, before a state prisoner files a second or successive petition in district court, raising either previously presented claims or newly presented claims that might fall within § 2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition.  28 U.S.C. § 2244(b)(3)(A).  If the state prisoner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

## A. The *Magwood* decision

Accordingly, this Court must ascertain whether the Petition is an unauthorized second or successive petition rendering this Court without authorization, as Respondent contends, or whether the Petition is the first to challenge the 2001 judgment.  As noted by the Tenth Circuit, the Court's analysis begins with the *Magwood* decision.  [ECF No. 11-22 at 1-2].

In *Magwood*, the petitioner challenged the sentence imposed in a new judgment entered after his successful § 2254 petition.  *Magwood*, 561 U.S. at 329–330.  The *Magwood* Court concluded "the phrase 'second or successive'

8

must be interpreted with respect to the judgment challenged" *id.* at 333, and
concluded, if "there is a 'new judgment intervening between two habeas
petitions,' [*Burton v. Stewart*, 549 U.S. 147, 156 (2007)], an application
challenging the resulting new judgment is not 'second or successive' at all."
*Id.* at 341–342.  It therefore held that the petitioner's second petition was not
"second or successive" because it challenged the sentence imposed in the new
intervening judgment.  *Id.* at 342.

The *Magwood* Court expressly did not address whether its holding would
permit "a petitioner who obtains a conditional writ as to his sentence to file a
subsequent application challenging not only his resulting, new sentence, but
also his original, undisturbed conviction" because those facts were not
presented.  *Id.*

### B. Circuit "split"

Most appellate courts addressing the question left unanswered by
*Magwood* have held that "a new judgment after a resentencing permits the
inmate to challenge the original conviction without clearing the second-or-
successive hurdles."  *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015); *see
also In re Gray*, 850 F.3d 139, 142 (4th Cir. 2017); *In re Brown*, 594 F. App'x
726, 729 (3d Cir. 2014)[5]; *Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d

---

[5]  The Court cites all unpublished decisions herein as persuasive authority.
Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1273, 1281 (11th Cir. 2014); *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012); *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010).  However, one circuit court has taken a different approach.

The Seventh Circuit, in *Suggs*, held where a federal prisoner who has been resentenced pursuant to a successful § 2255 petition challenges in a subsequent § 2255 petition only his underlying, undisturbed conviction, the petition is successive and subject to 28 U.S.C. § 2244's gatekeeping requirements.  *Suggs v. United States,* 705 F.3d 279, 285 (7th Cir. 2013).  In reaching this conclusion, the *Suggs* court relied on pre-*Magwood* Seventh Circuit precedent, which stated that "any challenge to an error preceding the resentencing 'must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the last sentence.'"  *Id.* at 283 (quoting *Dahler v. United States*, 259 F.3d 763, 765 (7th Cir. 2001)).

### C. Tenth Circuit guidance

The Tenth Circuit has not answered the question in a published opinion. Nevertheless, in unpublished cases, the Tenth Circuit has aligned with the majority of the circuit courts.

In one case, the petitioner, Wiseman, filed his first § 2255 motion in 2000. *United States v. Wiseman (Wiseman I)*, Case No. 16-CV-700, 2018 WL 1026373, at *2 (D.N.M. Feb. 21, 2018) (unpublished).  The Tenth Circuit remanded the matter for resentencing on one of the counts, and Wiseman

10

was resentenced in 2002. *Id.* In 2017, he filed another § 2255 motion challenging both his convictions and his sentence. *Id.* at *3. Wiseman argued that none of his claims were second or successive because of the new intervening judgment entered in 2002. *Id.* at *2-3. Noting that *Magwood* "left open the question whether, after resentencing, a petitioner would be entitled to challenge not only his resulting, *new* sentence, but also his original, *undisturbed* conviction," the district court held that it was "bound by the Tenth Circuit's claim-by-claim approach to addressing criminal judgments ... as set forth in *Prendergast*[6]" and transferred the matter to the Tenth Circuit for authorization. *Id.* at *4, 6 (internal quotations and citations omitted, emphases in original). However, without discussing *Prendergast*, the Tenth Circuit found Wiseman's motion challenging his convictions was not second or successive because "the 2002 amended judgments were new judgments under *Magwood*[.]" *United States v. Wiseman* (*Wiseman II*), 767 F. App'x 696, 698 (10th Cir. 2019). The Tenth Circuit therefore remanded the matter back to the district court. *Wiseman II*, 767 F. App'x at 698.

---

6 In *Prendergast v. Clements*, the Tenth Circuit held that otherwise time-barred "attacks on [an] original conviction are [not] resurrected" by a resentencing. 699 F.3d 1182, 1186 (10th Cir. 2012).

In other cases, the Tenth Circuit has reiterated the proper focus is the judgment being challenged. *See Broadus v. Jones,* 414 F. App'x 149, 151 (10th Cir. 2011) (stating that, in determining whether a petition is second or successive, "the proper question is which *judgment* did the [previous habeas] applications attack, not which *convictions*" (emphases in original)); *see also Jackson v. Bowen,* No. 22-6068, 2022 WL 2165789, at *1 (10th Cir. June 16, 2022) (unpublished) ("[A] habeas application will not be considered second or successive if it is the first to challenge a particular judgment, even if the prisoner has previously filed other applications challenging earlier judgments.").

The Tenth Circuit also deemed authorization unnecessary in a case with facts and a procedural posture analogous to the case at bar. *See Tillman v. Bigelow,* 672 F. App'x 803, 804 (10th Cir. 2016) (denying authorization as unnecessary and noting, "[w]e explained that Supreme Court precedent treated 'the existence of a new judgment [as] dispositive' in determining whether a § 2254 application is second or successive." (quoting *Magwood*, 561 U.S. at 338)). And, as noted, the Tenth Circuit signaled in this case that it considered the 2001 judgment to be a new judgment under *Magwood*. [ECF No. 11-22 at 2-3].

12

### D. Pickens's Petition

Pickens raises two claims: 1) a *McGirt*[7] jurisdictional claim; and 2) a *Brady*[8] violation claim premised upon the state prosecution's alleged withholding of exculpatory DNA evidence. [ECF No. 1 at 5-7]. Respondent argues Pickens is challenging his underlying conviction and not any part of his resentencing. [ECF No. 11 at 16]. Therefore, Respondent urges this Court to focus on the claims presented within the Petition, adopt the Seventh Circuit's approach and deem Pickens's Petition an unauthorized second or successive petition. [*Id.* at 15-16]. Respondent acknowledges, "in unpublished opinions, [the Tenth Circuit] appeared to side with the majority side of the circuit split[]" but Respondent does not squarely address any of the Tenth Circuit's decisions. [*Id.* at 16].

The Tenth Circuit has indicated the majority, judgment-based approach is appropriate. *See supra.* Further, the Tenth Circuit already determined Pickens's 1996 petition resulted in a "new judgment," i.e., the 2001 judgment.

---

[7] In 2020, the United States Supreme Court held that Congress did not disestablish the Muscogee (Creek) Nation Reservation and that the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a). *McGirt v. Oklahoma*, 591 U.S. 894, 913, 933-34 (2020). The federal government has exclusive jurisdiction, under the Major Crimes Act, to prosecute certain crimes committed by Indians within Indian country. *See* 18 U.S.C. §1153.

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

[ECF No. 11-22 at 1]. Therefore, the 1996 petition does not qualify as a first habeas petition for purposes of the second-or-successive analysis because Pickens did not, and could not have, challenged the 2001 judgment through the 1996 petition. Further, none of Pickens's habeas pursuits between 2009 and now were decided on the merits and, therefore, do not count as a first habeas petition for purposes of the second-or-successive analysis. *See Douglas v. Workman*, 560 F.3d 1156, 1188 n.18 (10th Cir. 2009). Accordingly, the Petition is not second or successive, and preauthorization is not required. [ECF No. 11-22]. The Court therefore denies Respondent's Motion to Dismiss, in part, as to the request to dismiss the Petition as an unauthorized second or successive petition.

## V. Statute of limitations analysis

Respondent moves, in the alternative, to dismiss Pickens's Petition as time barred. [ECF No. 11 at 23-32]. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or

> laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Federal courts also may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and may excuse noncompliance with the statute of limitations if the petitioner asserts a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

### A. 28 U.S.C. § 2244(d)(1)(A)

Pickens failed to initiate the Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). Pickens was resentenced on September 4, 2001. ECF No. 11-6 at 2; ECF No. 11-2 at 23. Pickens did not file a notice of appeal to appeal the new judgment and sentence within ten days of the new judgment and sentence being imposed in open court. *See* Rule 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2001)[9] Therefore, the 2001 judgment became final on September 14, 2001. *See Ezell v. Allbaugh*, 777 F. App'x 271, 273-74 (10th Cir. 2019). Pickens's one-year period to file a petition for writ of habeas corpus began September 15, 2001, and absent statutory tolling, expired September 16, 2002.[10] The Court therefore finds, absent any tolling events, the January 15, 2025 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).[11]

---

[9] If the judgment is categorized as a plea since it was the result of "negotiations" [*see* ECF No. 11-6 at 2 and ECF No. 11-2 at 23 (referencing "acceptance of plea")], Pickens had ten days to file an application to withdraw his plea. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2001). Whether it is considered a new judgment or a plea, Pickens still had ten days to initiate an appeal process and did not.

[10] Pickens's deadline was technically September 15, 2002. Since September 15, 2002, was a Sunday, Pickens's one-year deadline was extended to Monday, September 16, 2002. FED. R. CIV. P. 6(a)(1)(C).

[11] Respondent urges pursuant to *Prendergast*, 699 F.3d 1182, and *Burks v. Raemsich,* 680 F. App'x 686 (10th Cir. 2017), a claim-by-claim approach looking back to the 1996 judgment must be employed for the AEDPA statute

The limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by the AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

A review of the record indicates Pickens did not file an application for state post-conviction or other collateral review until April 21, 2008. [ECF No. 11-2 at 24]. Since the April 21, 2008 application was filed well beyond September 16, 2002, it does not provide any statutory tolling for Pickens pursuant to § 2244(d)(2).[12]

---

of limitations analysis. [*See* ECF No. 11 at 27]. The Court need not determine for purposes of the current analysis whether the interpretation of "judgment" in *Magwood* applies with equal force to § 2244(d)(1)(A). The Petition is untimely pursuant to both the 1996 and 2001 judgment.

[12] If the statute of limitations is calculated from the 1996 judgment, Pickens still is not entitled to any statutory tolling because he did not file an application for state post-conviction or other collateral review within one year

## B. 28 U.S.C. § 2244(d)(1)(D)

Pickens alleges throughout his Petition "the factual predicate for these claims could not have been discovered previously through the exercise of due diligence." [ECF No. 1 at 5, 6, 7; *see also id.* at 13 (citing 28 U.S.C. § 2244(d)(1)(D)]. Respondent does not address § 2244(d)(1)(D) stating only, "Petitioner hints at the applicability of § 2244(d)(1)(C) or § 2244(d)(1)(D) [], neither is applicable." [ECF No. 11 at 26, n. 11]. "By its plain language, § 2244(d)(1)(D) is directed to when the factual predicate of a petitioner's claim or claims could have been discovered through the exercise of due diligence." *Resinger v. Farris*, 804 F. App'x 1001, 1002 n.2 (10th Cir. 2020). "A factual predicate constitutes the vital facts underlying those claims." *Purkey v. Kansas*, 281 F. App'x 824, 827 (10th Cir. 2008) (quotation omitted). Further, "the limitation period under § 2244(d)(1)(D) begins on the date that a reasonably diligent petitioner could have discovered the *factual* basis of his or her claims, not the date that a particular petitioner first discovers the *legal* basis of his or her claims." *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1252 (N.D. Okla. 2022) (emphases in original) (citing *Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022)

---

of April 24, 1996, the date the AEDPA was signed into law. [*See* ECF No. 11-2 at 17]; *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (noting, the "one-year limitations clock began to run on April 24, 1996, when AEDPA went into effect.").

(unpublished)).  Trigger dates under § 2244(d)(1)(D) require "claim-by-claim

consideration."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

### i.   The *McGirt* claim

Turning first to his *McGirt* claim, Pickens alleges, he is a "born and raised

bona fide resident-citizen of the Muscogee Creek [N]ation[.]"  [ECF No. 1 at

5].  As such, "[t]he State of Oklahoma lacks the jurisdiction to prosecute on

exclusive native tribal – federally recognized native tribal nations in

Oklahoma's reservations.  Is a violation of due process – Fourteenth

Amendment, and in violation treaties – U.S. Constitution."  *Id.*  Pickens does

not provide the date he alleges he discovered the factual predicate underlying

his claim.  [*See* ECF No. 1].

Courts routinely and consistently reject the argument that *McGirt* renders

a petitioner's habeas petition timely pursuant to § 2244(d)(1)(D) because the

limitation period under § 2244(d)(1)(D) begins on the date that a reasonably

diligent petitioner could have discovered the factual basis of his or her claims,

not the date that a particular petitioner first discovers the legal basis of his

or her claims. *See Ford v. Dowling*, No. 22-6138, 2023 WL 2641476, at *3

(10th Cir. Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is

inapplicable because nothing in *McGirt* can be said to reveal a new factual

predicate for [the petitioner's] claim."); *see also Sweet v. Hamilton*, 634 F.

Supp. 3d 1048, 1052 (N.D. Okla. 2022) (rejecting petitioner's arguments that

19

§ 2244(d)(1)(D) applies to *McGirt* claim).  Petitioner's claims rely on facts he should have known when he was prosecuted—that he is a "bona fide resident-citizen of the Muscogee Creek [N]ation". [ECF No. 1 at 5].  Therefore, regardless of when Pickens realized the potential legal significance of the facts he alleges regarding his Indian status, his claim remains untimely.

### ii.    The *Brady* claim

Concerning his second claim, Pickens alleges "[t]he prosecution suppressed exculpatory DNA evidence favorable to Petitioner's defense, and the withholding of the three polices [sic] testimony concerning this suppression and the colation [sic] of this DNA evidence was intentionally done.  Fourteenth Amendment Brady violation." [ECF No. 1 at 7].  The Court understands Pickens's claim to stem from the collection of DNA evidence from his person on February 9, 1990, the date of his arrest, and on February 15, 1990, pursuant to a warrant.  [*See id.*].  While his claim is difficult to follow, he appears to allege on one hand, the DNA evidence was provided to the jury and, on the other hand, DNA testing results were destroyed.  [*See id.*; *see also id.* at 34].  He also alleges the individuals who took the physical samples did not testify at his trial and their testimony was "suppressed." [*See id.* at 7, 34].

Once again, Pickens does not reveal what date he discovered this alleged factual predicate.  [*See* ECF No. 1].  Pickens was aware of the DNA evidence

being collected on February 9, 1990, and February 15, 1990, as he was present for the collection. [ECF No. 1 at 7]. He was also present at his trial and knew what evidence was presented to the jury. Therefore, the factual predicate of his exculpatory DNA evidence claim could have been discovered through the exercise of due diligence by the end of his October 1990 jury trial. [ECF No. 11-2 at 10-11].

Further undermining Pickens's current claim is that he presented a nearly identical claim in his April 2024 request for authorization. [*Compare* ECF No. 1 at 22-35 *with* ECF No. 11-21 at 2-3]. The Tenth Circuit noted, "[a]ssuming for argument's sake that these claims are true, he fails the requirement that 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence,' § 2244(b)(2)(B)(i)." [ECF No. 11-21 at 3]. For these reasons, the Court concludes Pickens's exculpatory DNA evidence claim is untimely pursuant to § 2244(d)(1)(D).[13]

### C. Equitable tolling

While the one-year statute of limitations may be subject to equitable tolling, such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by

_____

[13] Pickens did not allege any facts triggering §§ 2244(d)(1)(B) or (C). Therefore, the Court does not analyze these subsections.

extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to 'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Equitable tolling is only available in "rare and exceptional circumstances[.]" *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Pickens has not demonstrated any rare and exceptional circumstance which would entitle him to equitable tolling.

### D. Actual innocence

Finally, Pickens alleges he is actually innocent. [ECF No. 1 at 13, 16-17]. Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under §

2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial.'" *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting *Schulp*, 513 U.S. at 324).

Pickens did not satisfy the demanding evidentiary requirements necessary to raise an actual innocence gateway claim. Pickens did not present the Court with any evidence, let alone new, reliable evidence. Therefore, Pickens's actual innocence gateway claim fails. For all the reasons explained above, Respondent's Motion to Dismiss the Petition as time barred is granted.

## PENDING MOTION

Pickens also moved for summary judgment. [ECF No. 12]. Having concluded Pickens's Petition is barred by the applicable statute of limitations, the Court denies as moot Pickens's Motion for Summary Judgment.

## CONCLUSION

The Court finds and concludes Pickens's Petition for Writ of Habeas Corpus [ECF No. 1] is time-barred and Pickens has not satisfied the requirements to pass through the actual innocence gateway. The Court therefore dismisses the Petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would

debate the dismissal of the Petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss [ECF No. 10] is **denied, in part, and granted, in part**; the Petition [ECF No. 1] is **dismissed with prejudice**; a certificate of appealability is **denied**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment [ECF No. 12] is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall note on the record the substitution of Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent.

**IT IS SO ORDERED** this 23rd day of October, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE